IN THE UNITED STATES DISTRICT COURT
STATE OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nathaniel Earl Barnes, Sr. | ) | C/A No. GCLAWS # 8964 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (Jury Trial Demanded) |
| United States of America | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

The Plaintiff, Pro Se, and complaining of the Defendant herein, respectfully alleges as follows:

1. Plaintiff, Nathaniel Earl Barnes, Sr.is a citizen and resident of Richland County, State of South Carolina. He brings this action in his individual capacity and for damages recoverable pursuant to S.C. Code Ann. Section 15-5-90 (1976 (1976 as administered).

2. Defendant, United States of America, is the proper party in this matter. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. Section 2671 to Section 2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. Section 1346(b)(1) and Section 2674 because the personal injuries and resulting damages of which complaint is made, where proximately caused by the negligence, wrongful acts and/or omissions of agents and/or employees of the United State of America, including but not limited to agents and employees of the William Jennings Bryan Dorn VA Medical Center located in Richland County, Columbia, South Carolina (hereinafter, collectively, including all

agents and or employees of Dorn VAMC. Upon information and belief, all agents and/or employees of Dorn VAMC were acting within the scope of their office, agency or employment while providing care or medical treatment to Nathaniel Earl Barnes, Sr. under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of South Carolina.

3. The Federal District Court has jurisdiction of this case, because this action is brought pursuant to and in compliance with 28 U.S.C. Sections 1536(b), 2671-2680 et. Seq., commonly known as the "Federal Tort Claims Act," which vest exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the Federal District Court.

4. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2), as the United States is a Defendant and a substantial part of the events or omissions giving rise to this cause of action occurred in this district as the Defendant's Dorn VAMC located in Richland County, Columbia, South Carolina.

5. Dorn VAMC is a medical facility whose employees and agents provide care to military personnel, former military personnel and their families, and as such, are agents or employees of the United States of America. The United States of America, at all times material hereto, owned, operated and controlled the heath care facility known as Dorn VAMC, Columbia, South Carolina. The care and medical treatment at Dorn VAMC was undertaken by agents, servants, and/or employees of the Defendant.

6. Plaintiffs plead, pursuant to title 28 U.S.C. Section 2672 and 2675(a) that the claims set forth herein were filed with and presented administratively to the Defendant's

agent in a timely manner and the claim was denied by the appropriate Federal agency on or about October 11, 2016. That denial was timely appealed on October, 1016 with no formal decision being made or communication received from the Defendant prior to the expiration of the of the six month period during which the right to file suit was suspended and this action follows. Additionally, the Plaintiff has attached the affidavit of an expert witness to this filed complaint to comply with South Carolina State Law. Accordingly, the Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

**GENERAL FACTUAL ALLEGATION APPLICABLE TO ALL CLAIMS**

7. At all times material hereto, all persons involved in the medical and health care services provided to the Plaintiff were agents, servants, and/or employees of Dorn VAMC, the United States of America, or some other agency thereof, and were at all times material hereto, acting within the course and scope of such employment.

8. This is a Federal Tort Claims Act case for monetary damages sustained by Plaintiffs resulting from personal injuries of the Plaintiff, as a result of substandard, and therefore, negligent medical care by agents and employees of the Defendant.

9. More specifically, this claim concerns the substandard medical, nursing, and hospital care provided by agents, servants, and employees of the United States of America at Dorn VAMC while Nathanial Earl Barnes, Sr. was a patient at these facilities.

10. Upon information and belief, at all times relevant to this action, John G. Steedman, MD, PhD was the employee, agent or apparent agent of Dorn VAMC, and all acts and

omission of John G. Steedman, MD, PhDwere performed within the course and scope of his employment or agency for Dorn VAMC.

11. At all time s relevant to this action, a doctor-patient relationship existed between Nathaniel Earl Barnes, Sr. and John G. Steedman, MD, PhD.

12. Upon information and belief, John G. Steedman, MD, PhD, was the agents or apparent agents of the Defendant, Dorn VAMC and served as the primary care physician for Nathanial Earl Barnes, Sr. during the time for a four month period, and all acts and omissions of agents and employees during this aforementioned period were performed within the course and scope of his employment and/or agency for Defendant Dorn VMAC.

13. At all times relevant to this action, a doctor-patient relationship existed betweenNathaniel Earl Barnes, Sr. and John G. Steedman, MD, PhD.

14. Upon information and belief, at all times relevant to this action, Susan R. Swatsworth, Physician Assistant, was the employee, agent or apparent agent of Dorn VAMC, and all acts and omission of Susan R. Swatsworth, Physician Assistantwere performed within the course and scope of his employment or agency for Dorn VAMC.

15. Upon information and belied, John G. Steedman, MD, PhD was the agent or apparent agent of the Defendant Dorn VAMC and served as primary care physician for Nathaniel Earl Barnes, Sr.for a four month period in 2005, and all acts and omission of the treating physician during this aforementioned period were performed within the course and scope of his or her employment and/or agency for Defendant Dorn VAMC.

16. From a period beginning in March, 2005 until June, 2005 Plaintiff was treated for passing out and chronic pain at the Dorn VAMA.

17. Records confirm that the Plaintiff was diagnosed as having seizures. Plaintiff subsequently passed out and was taken to the Emergency room of Provident Hospital where Nathaniel Earl Barnes, Sr. was treated and informed by Dr. Greenburg for life threating Pneumonia. Plaintiff was close to death from Pneumonia.

18. In and around 2003, Plaintiff was in unbearable pain and was told he had gas. The diagnoses recommended he take pills, which he did. Back home the Plaintiff could take no more pain and was taken the Provident Hospital Emergency room where Nathaniel Earl Barnes, Sr. passed out. He was treated and informed by Dr. Greenburg that a stone was in the wall of his kidney. Defendant diagnosed Kidney stones as gas.

19. As a direct and proximate result of the substandard medical, nursing, and hospital care of Nathaniel Earl Barnes, Sr. by agents, servants, and employees of the United States, the Plaintiff suffered grievous personal injuries to which he has not recovered.

20. The Defendant United States of America through agents and/or employees did undertake the duty to render medical care to Plaintiff in accordance with prevailing and acceptable professional standards of care in the national community.

21. Notwithstanding said undertaking and while Plaintiff was under the care of agents and employees of the Defendant, said agents and employees of the Defendant departed from prevailing and acceptable professional standards of care and treatment of Plaintiff and were thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed the Plaintiff, and are liable for one or more of the

following acts of omission or commission, any or all of which are departures from the prevailing and acceptable professional standard of care:

a. Failure to adequately review risks and benefits of and alternatives to the evaluation and treatment;

b. Failure to properly diagnose and treat Plaintiff;

c. Failure to properly care for and treat Plaintiff;

d. Failure to properly assess the condition and identify the clinically induced procedure or referral needed for treatment of;

e. In such other particular4s as may be ascertained through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

22. As a direct and proximate result of the negligence, carelessness, grossnegligence, recklessness and departure from the professional standards of care by Defendant, the Plaintiff has suffered from:

a. Personal injury;

b. Pain and suffering;

c. Mental anguish;

d. Loss of enjoyment of life;

e. Medical and pharmaceutical expense;

f. Other cost and expenses associated with the negligence of Defendant;

g. Loss of earning capacity; and

h. In other such particulars as will be ascertained in the discovery process; for which the Plaintiff is entitled to recover actual damages.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for actual damages, special damages, and consequential damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursement of this action and for such other and further relief as the court deems just and proper.

Respectfully submitted,

Nathaniel Earl Barnes, Sr., Pro Se
359 Nina Lee Drive
Columbia, SC 29203
(803)-216-4521