IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Nathaniel Earl Barnes, Sr., ) | |
| ) | C/A No. 3:17-823-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Nathaniel Earl Barnes, Sr., proceeding pro se, filed a complaint against Defendant United States of America on March 29, 2017, asserting that he received personal injuries as the result of negligent medical care provided in 2003 and 2005 while he was a patient at Dorn VA Medical Center in Columbia, South Carolina. Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (FTCA). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On July 10, 2017, Defendant filed a motion to dismiss or, in the alternative, motion for summary judgment. Defendant asserts that Plaintiff's claims are barred by the two-year statute of limitations applicable to claims brought under the FTCA. See 28 U.S.C. § 2401(b). Defendant also contends that Plaintiff failed to provide an expert affidavit in support of his complaint as required by S.C. Code Ann. § 15-36-100(B).

By order filed July 11, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the applicable procedures and the possible consequences if he failed to

respond adequately. Plaintiff filed a response in opposition on August 11, 2017. Plaintiff asserts that his claims were timely brought upon discovery of his injuries. Plaintiff also contends that he is in the process of consulting experts.

On September 22, 2017, the Magistrate Judge filed a Report and Recommendation in which she determined that Plaintiff knew, or by the exercise of reasonable diligence should have known, of his injuries more than two years prior to commencement of the within action. The Magistrate Judge also observed that Plaintiff did not dispute he had not supplied an expert affidavit. Accordingly, the Magistrate Judge recommended Defendant's motion be granted. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. Matthews v. Weber, 423 U.S. 261, 270 (1976). This court is charged with making a de novo determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendant's motion to dismiss or, in the

alternative, for summary judgment, is **granted**, with prejudice.

    **IT IS SO ORDERED**.

                                    /s/ Margaret B. Seymour
                                    Senior United States District Judge

Columbia, South Carolina

November 13, 2017


**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**